```
                    UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JAMES EDWARD COGGINS,            : CIVIL NO: 1:11-CV-00136
                                 :
          Plaintiff              :
                                 : (Chief Judge Kane)
     v.                          :
                                 : (Magistrate Judge Smyser)
THE COURT OF COMMON PLEAS OF     :
DAUPHIN COUNTY, JUDGE TODD       :
HOOVER, DAUPHIN COUNTY SOCIAL    :
SERVICES FOR CHILDREN AND YOUTH, :
TRACY FREDERICK and              :
MELISSA CARRION,                 :
                                 :
          Defendants             :
```

**REPORT AND RECOMMENDATION**


       The plaintiff, proceeding *pro se*, commenced this action by filing a complaint on January 19, 2011.


       The plaintiff filed an application to proceed *in forma pauperis.* By a separate Order, we have granted the plaintiff's application to proceed *in forma pauperis.*


       We now review the complaint pursuant to 28 U.S.C. § 1915(e)(2) which provides:

            Notwithstanding any filing fee, or any
          portion thereof, that may have been paid, the

>       court shall dismiss the case at any time if
>       the court determines that -
>       (A) the allegation of poverty is untrue; or
>       (B) the action or appeal -
>           (i) is frivolous or malicious
>           (ii) fails to state a claim upon which
>       relief may be granted; or
>           (iii) seeks monetary relief against a
>       defendant who is immune from such relief.

The defendants named in the complaint are: 1) The Court of Common Pleas of Dauphin County; 2) Judge Todd Hoover; 3) Dauphin County Social Services for Children and Youth; 4) Intake Supervisor Tracy Frederick; and 5) Intake Caseworker Melissa Carrion.

The plaintiff's complaint concerns dependency proceedings involving his child.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v.*

2

*Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than

3

a sheer possibility that a defendant has acted unlawfully." *Id.* "Some claims will demand relatively more factual detail to satisfy this standard, while others require less." *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Construing the complaint liberally, we nevertheless conclude that the complaint does not state a claim upon which relief may be granted.

Claims against a county court, which is part of the unified judicial system of the Commonwealth of Pennsylvania, are barred by the Eleventh Amendment. *Benn v. First Judicial District*, 426 F.3d 233 (3d Cir. 2005). Accordingly, the plaintiff's claims against the Court of Common Please of Dauphin County are barred by the Eleventh Amendment.

4

A judge is entitled to absolute immunity from claims based on actions taken in his or her judicial capacity. *See Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d. 2000). The plaintiff's claims against defendant Hoover relate to defendant Hoover's adjudication of the plaintiff's child as dependent. Judge Hoover's adjudication of the plaintiff's child as dependent was an act taken in Judge Hoover's judicial capacity. Accordingly, defendant Hoover is entitled to judicial immunity.

State-employed social workers are entitled to absolute immunity for their actions in petitioning and in formulating and making recommendations to the court. *Ernst v. Child & Youth Services of Chester County,* 108 F.3d 486, 493 (3d Cir. 1997) The plaintiff's claims against defendants Frederick and Carrion relate to dependency petitions and recommendations made by these defendants to defendant Hoover in connection with the

5

dependency proceedings.[1] Accordingly, defendants Frederick and Carrion are entitled to absolute immunity.

A County Children and Youth Services is part of the County, does not have a separate corporate existence apart from the County and, therefore, is not capable of being sued under 42 U.S.C. § 1983. *Walthour v. Children and Youth Services,* 728 F.Supp.2d 628, 640-41 (E.D.Pa. 2010). Accordingly, the complaint fails to state a claim upon which relief may be granted against defendant Dauphin County Social Services for Children and Youth.

A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*. *Monell v. Department of Social Servs.,* 436 U.S. 658, 691 (1978). To state a claim against a municipality

---

1. The plaintiff makes one allegation that may fall outside the ambit of defendants Frederick and Carrior's absolute immunity. The plaintiff alleges that the child's mother was not properly served with notice of certain proceedings. However, the plaintiff does not allege that he was not properly served with notice of the proceedings and from the allegations of the complaint and the documents filed with the complaint it appears that the plaintiff was properly served with notice of the proceedings. That the child's mother may not have been properly served with notice does not raise an inference that the plaintiff's rights were violated.

6

the plaintiff must allege that the violation of his rights was caused either by a policy or custom of the municipality. *Id.* at 694; *Berg v. County of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000). Even if the plaintiff had named Dauphin County as a defendant, the complaint fails to state a claim upon which relief may be granted because the plaintiff has not alleged a policy or custom on the part of the County that allegedly caused a violation of his constitutional rights.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002). In the instant case, amendment would be futile.

Based on the foregoing, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: January 25, 2011.